# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50609
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMAS ALEJANDRO LORENZO-SANTIAGO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:18-CR-408-1

Before JONES, HIGGINSON, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Tomas Alejandro Lorenzo-Santiago appeals (1) the 18-month within-guidelines sentence imposed following his guilty-plea conviction to being unlawfully present in the United States following removal, and (2) the denial of his request for a downward variance.

This court reviews sentences for reasonableness by engaging in a bifurcated review. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). An

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appellate court must first ensure that the sentencing court committed no significant procedural error. If the district court's decision is procedurally sound, this court will then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard" if the issue has been preserved. *Id.*

Lorenzo-Santiago has not shown that his sentence is procedurally unreasonable on plain error review. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). Although the district court did not address Lorenzo-Santiago's arguments at length, it did state that it had considered the information before it, Lorenzo-Santiago's personal circumstances, the Sentencing Guidelines, and the 18 U.S.C. § 3553(a) sentencing factors and determined that a sentence at the low end of the guidelines range was fair and reasonable. *See Gall*, 552 U.S. at 49-51; *Rita v. United States*, 551 U.S. 338, 356 (2007). The district court treated the Guidelines neither as presumptively reasonable nor mandatory, and Lorenzo-Santiago fails to show that more was required in the absence of an objection in the district court or that he would have received a lower sentence. *See Puckett*, 556 U.S. 135; *United States v. Mondragon-Santiago*, 564 F.3d 357, 362 (5th Cir. 2009).

Nor has Lorenzo-Santiago shown that his sentence is substantively unreasonable whether our review is for plain error or abuse of discretion. *See Gall*, 552 U.S. at 49-51 (2007); *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). The district court's reasons for imposing a sentence on the low end of the guidelines range were adequate. Lorenzo-Santiago's argument that the district court gave too much weight to his prior illegal reentry and cocaine possession convictions and too little weight to his reasons for reentering, family circumstances, mental health, and the age and nature of his cocaine possession

No. 18-50609

conviction reflects mere disagreement with the district court's weighing of the § 3553(a) sentencing factors. Lorenzo-Santiago fails to rebut the presumption of reasonableness that within-guidelines sentences receive. *See United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.